UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMYE A. RICHARDSON,<br><br>        Appellant,<br><br>v.<br><br>RANDALL PARKER<br><br>        Appellee. | CIV-F-03-5628 AWI<br><br>ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION |

    Appellant initiated an appeal from an order of the bankruptcy court on May 16, 2003. Doc. 1. On June 5, 2003, the bankruptcy clerk's office sent notice that the record on appeal was incomplete. Doc. 4. Federal Rules of Bankruptcy Procedure 8006 states:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal....The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

As of yet, the district court has not received any notice from the bankruptcy clerk's office that the

record on appeal is ready.  Until the record is perfected, the appeal can not move forward. Failure to meet the time limits set by Rule 8006 for the designation of the record on appeal is a non-jurisdictional rule violation that is subject to the sanctioning provision of Rule 8001(a). See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706-7 (9th Cir. 1986) (citing Rule 8001 as authority for sanction of dismissal where appellant did not timely designate a record on appeal).  Fed. R. Civ. Proc 8001(a) provides for the imposition of sanctions for non-jurisdictional violations of bankruptcy procedure as follows: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."  At this point, completion of the record is well overdue.

The decision to impose sanction under Rule 8001(a) for violation of Rule 8006 is committed to the discretion of the court, but "when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault." In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).  In general "justice is better served when controversies are decided on their merits rather than procedural technicalities." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986), quoting In re Bienert, 48 B.R. 326, 327 (N.D. Iowa 1985).  While options should be considered, in "'egregious circumstances' a court may dismiss a case for non-compliance with procedural rules without explicit consideration of alternative sanctions." In re Donovan, 871 F.2d 807, 808-9 (9th Cir. 1989), quoting Malone v. United States Postal Service, 833 F.2d 128, 132 (9th Cir. 1987).  "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), citations omitted.  In one case, the Ninth Circuit affirmed a district court's dismissal of a bankruptcy appeal where appellant's actions delayed the preparation of a record on appeal for a year; the Ninth Circuit made an inference that appellees suffered prejudice due to delay. See In re Fitzsimmons, 920 F.2d 1468,

1475 (9th Cir. 1990).

      Appellant is hereby ORDERED to show cause in writing why this appeal should not be dismissed for failure to prosecute within twenty (20) days of the filing of this order.

IT IS SO ORDERED.

**Dated:   February 21, 2007**                    /s/ Anthony W. Ishii
0m8i78                                                              UNITED STATES DISTRICT JUDGE